Matthew Kadushin
Charles Joseph
Michael D. Palmer
JOSEPH, HERZFELD, HESTER &
KIRSCHENBAUM LLP
233 Broadway, 5th Floor
New York, NY 10279
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Plaintiffs, proposed collective action
members and proposed class*

12 CIV 1117



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

CHRISTOPHER D. GRIFFITH, and DAVID
SPECIALE, on behalf of themselves and all
others similarly situated,

              Plaintiffs,

     v.

FORDHAM FINANCIAL MANAGEMENT,
INC. and WILLIAM BAQUET,

              Defendants.
-------------------------------------------------------------x

CASE NO.

COMPLAINT

FLSA COLLECTIVE ACTION AND
RULE 23 CLASS ACTION

DEMAND FOR JURY TRIAL

    1.    Plaintiffs Christopher D. Griffith and David Speciale, on behalf of themselves and

all others similarly situated, allege as follows:

## JURISDICTION AND VENUE

    2.    This Court has original federal question jurisdiction under 28 U.S.C. § 1331

because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

("FLSA"). Under 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over the New

York state law claims, as they are so related to claims which the Court has original jurisdiction

over that they form part of the same case or controversy under Article III of the United States Constitution.

3.     Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## PARTIES

4.     All Defendants are hereinafter collectively referred to as "Defendants" or "Fordham Financial Management"

5.     Upon information and belief, Defendant Fordham Financial Management, Inc. is a New York corporation, with its principle place of business located at 14 Wall Street, 18th Floor, New York, New York 10005.

6.     Upon information and belief, Defendant Fordham Financial Management, Inc. is a New York corporation and has, at all relevant times, exercised comprehensive control over Plaintiffs' and other Class members' employment, including by controlling the manner in which these employees were compensated.

7.     At all relevant times, Defendant Fordham Financial Management, Inc. was Plaintiffs' and other Class members' employer under the Fair Labor Standards Act and New York state law.

8.     Upon information and belief, Defendant William Baquet is the President and Director of Fordham Management, Inc., and has, at all relevant times, exercised sufficient control of its day-to-day operations and Plaintiffs' and other Class members' employment to be considered their employer under the Fair Labor Standards Act and New York state law.

9.      Defendant William Baquet has been regularly present at Fordham Financial Management, Inc. New York corporate office located at 14 Wall Street, 18th Floor, New York, New York, 10005 during his ownership period.

10.     Throughout the last six years, Defendant Fordham Financial Management, Inc. has operated as a broker dealer.

11.     Plaintiff Christopher D. Griffith is a resident of Connecticut.  He worked for Defendants in Manhattan as a stockbroker from approximately January 2008 until November 2011.

12.     Plaintiff David Speciale is a resident of New York. He worked for the Defendants in Manhattan as a stockbroker from approximately April 2003 until January 2010.

## FLSA COLLECTIVE ACTION ALLEGATIONS

13.     Plaintiffs bring the First and Second Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all of Defendants' employees who were employed as stock brokers at any New York location on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

14.      At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay them the federal minimum wage for all hours worked and at least one-and-one-half times their regular rates for work in excess of forty (40) hours per workweek.  The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

15.     The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

16.     Plaintiffs hereby consent to sue Defendant under the FLSA, 29 U.S.C. § 216. Plaintiffs' Consent to Sue forms are attached hereto as EXHIBIT A.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

17.     Plaintiffs bring the Third, Fourth, Fifth, Sixth and Seventh Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all Fordham Financial Management, Inc. employees who were employed as stock brokers at any New York location on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

18.     All said persons, including Plaintiffs, are referred to herein as the "Class."  The Class members are readily ascertainable.  The number and identity of the Class members are determinable from the records of Defendants.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided by means permissible under F.R.C.P. 23.

19.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.  Although the precise number of such persons is unknown, and the facts on which the calculation of that

number are presently within the sole control of Defendants, upon information and belief, there are significantly more than forty (40) members in the Class.

20.     Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions.   All the Class members were subject to the same corporate policies and practices of Defendants, as alleged herein, of willfully failing and refusing to properly pay them the state minimum wage for all hours worked and at least one-and-one-half times their regular rates for work in excess of forty (40) hours per workweek, and illegally making improper deductions from their commissions.   Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member.   Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

21.     Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class.   Plaintiffs are represented by attorneys who are experienced and competent in employment and wage and hour litigation and class action litigation and have many times previously represented plaintiffs in wage and hour class cases.

22.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.   Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions

engender.  Because the losses, injuries and damages suffered by each of the individual Class members are relatively small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.   The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

23.    Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

24.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a.     Whether Defendants unlawfully failed to properly compensate Class members at or above the minimum wage for all hours worked in violation of  New York Labor Law § 650 *et seq.* and supporting regulations;

b.     Whether Defendants unlawfully failed to properly compensate Class members at least one-and-one-half times their regular rates for work in excess of forty (40) hours per workweek in violation of 12 NYCRR § 142-2.2;

c.     Whether Defendants made unlawful deductions from Class members' paychecks in violation of New York Labor Law §§193, 198b;

d.     Whether Defendants properly paid Class members for their earned wages and commissions;

e.     Whether Defendants timely paid Class members their earned wages and commissions as required under New York Labor Law §191(1)(c);

f.     Whether Class members are entitled to damages, and if so, the means of measuring such damages;

g.     Whether Defendants are liable for Class members' attorneys' fees and costs; and

h.     Whether Defendants are liable for liquidated damages.

## FACTS

25.     Defendants committed the following acts knowingly and willfully.

26.     Defendants are engaged in the business of generating income from transactions.

27.     Plaintiffs and other FLSA Collective Plaintiffs and Class members worked as stock brokers for Defendants.

28.     During the Class Period, stock brokers received all of their compensation in the form of commissions and did not receive a salary or hourly wage.

29.     Upon information and belief, during the Class Period, Defendants were supposed to pay Plaintiffs and other Class members their earned wages/commissions once a month.

30.     However, Defendants often did not pay Plaintiffs and other Class members their earned monthly wages/commissions in the agreed upon time frame.

31.     Defendants routinely made illegal deductions from Plaintiffs' and other Class members' wages/commissions.  For example, Defendants made deductions from Plaintiffs' and other Class members' wages/commissions to pay administrative assistants and support staff.

32.     These deductions did not benefit Plaintiffs and other Class members and were not authorized by statute.

33.     The deductions were made without the written consent of Plaintiffs or, upon information and belief, other Class Members.

34.     Defendants classified Plaintiffs and other FLSA Collective Plaintiffs and Class members as exempt employees.

35.     Plaintiffs and other FLSA Collective Plaintiffs and Class members were paid commission only.

36.     As a result of being paid commission only, when Plaintiffs and other FLSA Collective Plaintiffs and Class members did not earn commissions, they were not paid any compensation for their hours worked.

37.     Plaintiffs and other FLSA Collective Plaintiffs and Class members regularly worked more than 40 hours in a week. However, they did not receive any additional compensation for hours worked in excess of 40 per week.

38.     Upon information and belief, during the Class Period all stock brokers were subjected to the same policies and practices described herein regarding (1) not being paid any minimum wage or fixed weekly salary, (2) not being paid for hours worked in excess of 40 per week, and (3) illegal deductions.

39.     Plaintiff and other FLSA Collective Plaintiffs and Class members sustained substantial losses from the acts and omissions described herein.

40.     Defendants deliberately trained, supervised, instructed, and authorized managerial employees to engage in the above unlawful practices and have ratified their actions thereafter in order to enhance corporate profits and reduce labor costs.

**FIRST CLAIM FOR RELIEF**
**(FLSA Claims, 29 U.S.C. §§ 201, *et seq.*,**
**Brought by Plaintiffs on Behalf of**
**Themselves and the FLSA Collective Plaintiffs)**

41.     Plaintiffs, on behalf of themselves and other FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs.

42.     When Plaintiffs and the other FLSA Collective Plaintiffs did not earn commissions, they were not paid a minimum wage and did not earn a minimum wage via commissions for all the hours that they worked.

43.     Throughout the statute of limitations period covered by these claims, Defendants knowingly failed to pay FLSA Collective Plaintiffs the federal minimum wage for each hour worked.

44.     At all relevant times, Defendants have operated under common policies, plans and practices of willfully failing and refusing to pay the FLSA Collective Plaintiffs minimum wage whenever they did not earn commissions.

45.     At all relevant times, Defendants have operated under common policies, plans and practices of willfully failing to keep records required by the FLSA.

46.     The Plaintiffs, on behalf of themselves and the other FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, pre- and post-judgment

interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (FLSA Overtime Violations, 29 U.S.C. § 201, *et seq.*)
### (Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)

47.     Plaintiffs, on behalf of themselves and other FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs.

48.     Throughout the statute of limitations period covered by these claims, Plaintiffs and other FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek.  Currently employed FLSA Collective Plaintiffs continue to do so.

49.     At all relevant times, Defendants have operated under common policies, plans and practices of willfully failing and refusing to pay the FLSA Collective Plaintiffs at least one-and-one-half times their regular rates for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

50.     At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs and other FLSA Collective Plaintiffs at least one-and-one-half times their regular rates for work in excess of 40 hours per workweek.

51.     Plaintiffs, on behalf of themselves and the other FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
**(New York State Minimum Wage Act, New York Labor Law § 650 *et seq.* and supporting regulations, including 12 NYCRR §§ 142-2.1, 142-2.4, and 142-2.6.)**
**(Brought by Plaintiffs on Behalf of Themselves and the Class Members)**

52.     Plaintiffs, on behalf of themselves and other Class members, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

53.     When Plaintiffs and the other Class members did not earn commissions, they were not paid a minimum wage and did not earn a minimum wage via commissions for all the hours that they worked.

54.     Defendants knowingly failed to pay Class members the minimum wage for all hours worked.

55.     Class members regularly worked more than 10 hours in a workday.

56.     When Plaintiffs and other Class members did not earn commissions, Defendants failed to provide them a "spread of hours" premium for every day in which they worked over 10 hours, as required by 12 NYCRR § 142-2.4.

57.     At all relevant times, Defendants have operated under common policies, plans and practices of willfully failing and refusing to pay Class members the wages required under the New York State Minimum Wage Act and supporting regulations.

58.     Defendants willfully failed to keep records required by New York law, including 12 NYCRR § 142-2.6.

59.     Plaintiffs and the other Class members seek damages in the amount of their respective unpaid compensation, as well as, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**FOURTH CLAIM FOR RELIEF**
**(Overtime Violations, New York Labor Law § 650 *et seq.* and 12 NYCRR § 142-2.2)**
**(Brought by Plaintiffs on Behalf of Themselves and the Class)**

60.     Plaintiffs, on behalf of themselves and other Class members, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

61.     Throughout the Class Period, Plaintiffs and other Class members regularly worked in excess of 40 hours per workweek.

62.     At all relevant times, Defendants have operated under common policies, plans and practices of willfully failing to pay Plaintiffs and other Class members at least one-and-one-half times their regular rate wage for work in excess of 40 hours per workweek, and willfully failing to keep records required by New York law, including 12 NYCRR § 142-2.6, even though the Class members have been and are entitled to overtime compensation.

63.     At all relevant times, Defendants willfully, regularly, and repeatedly failed to pay Plaintiffs and other Class members at least one-and-one-half times their regular rate for hours worked in excess of 40 hours per workweek.

64.     Plaintiffs and the other Class members seek damages in the amount of their respective unpaid overtime compensation, as well as, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**FIFTH CLAIM FOR RELIEF**
**(Impermissible Wage Deductions, N.Y. Lab. L. § 193)**
**(Brought by Plaintiffs on Behalf of Themselves and the Class)**

65.     Plaintiffs, on behalf of themselves and other Class members, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

66.     Throughout the Class Period, Defendants routinely made improper deductions from the earned wages/commissions of Plaintiffs and the other Class members.

67.     The deductions made by Defendants did not benefit the employees from whom they were made and were not otherwise permitted by the statute.  Additionally, the deductions were made without the written consent of Plaintiffs or, upon information and belief, other Class Members.

68.     Plaintiffs and the other Class members seek damages in the amount of all improper deductions, as well as, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### SIXTH CLAIM FOR RELIEF
**(Illegal Pay Deductions & Deductions from Wages, N.Y. Lab. L. §198-b)**
**(Brought by Plaintiffs on Behalf of Themselves and the Class)**

69.     Plaintiffs, on behalf of themselves and other Class members, reallege and incorporate by reference all previous paragraphs.

70.     Throughout the Class Period, Defendants routinely made improper deductions from the earned wages/commissions of Plaintiffs and the other Class members.

71.     In so doing, Defendants required a return of a portion of Plaintiffs' and the Class members' wages/commissions in exchange for them retaining employment.

72.     Plaintiffs and the other Class members seek damages in the amount of all improper deductions, as well as, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SEVENTH CLAIM FOR RELIEF
**(Failure to Timely Pay Wages & Commissions According to Terms of Employment, N.Y. Lab. L. §191)**
**(Brought by Plaintiffs on Behalf of Themselves and the Class)**

73.     Plaintiffs, on behalf of themselves and other Class members, reallege and incorporate by reference all previous paragraphs.

74.     Throughout the Class Period, Plaintiffs and the other Class members qualified as "commission salesmen" under N.Y. Lab. L. §190(6).

75.     Throughout the Class Period, Defendants routinely made improper deductions from the earned wages/commissions of Plaintiffs and the other Class members.

76.     Throughout the Class Period, Defendants routinely failed to pay Plaintiffs' and the other Class members their earned wages/commissions.

77.     Throughout the Class Period, Defendants failed to pay Plaintiffs and the other Class members their earned wages/commissions in accordance with agreed terms of employment.

78.     Throughout the Class Period, Defendants failed to timely pay Plaintiffs and the other Class members their earned wages/commissions as required under N.Y. Lab. L. § 191(1)(c).

79.     As a result of Defendants' willful and unlawful conduct, Plaintiffs and the other Class members are entitled to an award of damages in the amount to be determined at trial, as well as, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all other FLSA Collective Plaintiffs and Class members, pray for relief as follows:

A.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York law;

B.   An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

C.   Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

D.   Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

E.   Designation of this action as a class action pursuant to F.R.C.P. 23;

F.   Designation of Plaintiffs as Representatives of the Class;

G.   An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

H.   Penalties available under applicable laws;

I.   Costs of action incurred herein, including expert fees;

J.      Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 198(1-a), 663 and other applicable statutes;

K.      Pre-Judgment and post-judgment interest, as provided by law; and

L.      Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York      Respectfully submitted,
      February 14, 2012

Matthew Kadushin (MK-1968)
Charles Joseph (CJ-9442)
Michael D. Palmer (MP-5090)
JOSEPH, HERZFELD, HESTER &
KIRSCHENBAUM LLP
233 Broadway, 5th Floor
New York, NY 10279
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Plaintiffs, proposed collective action members and proposed class*

## DEMAND FOR JURY TRIAL

Plaintiffs, on behalf of themselves and all others similarly situated, hereby demand a jury trial on all causes of action and claims with respect to which they have a right to trial by jury.