```
UNITED STATES DISTRICT COURT                            USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                           DOCUMENT
------------------------------------------------------x ELECTRONICALLY FILED
                                                        DOC #: _____
                                                        DATE FILED: February 28, 2014
```

```
CHRISTOPHER D. GRIFFITH and DAVID        :
SPECIALE, on behalf of themselves and all others :
similarly situated,                       :
                                          :
                Plaintiffs,               :      12 Civ. 1117 (PAC)
                                          :
        -against-                         :      **ORDER**
                                          :
FORDHAM FINANCIAL MANAGEMENT, INC. :
and WILLIAM BAQUET,                       :
                                          :
                Defendants                :
------------------------------------------x
```

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiffs Christopher D. Griffith and David Speciale (collectively, "Plaintiffs") bring this action against Fordham Financial Management, Inc. ("Fordham"), their former employer, and William Baquet, Fordham's president and chief executive officer, (collectively, "Defendants") alleging violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). On February 21, 2014, Defendants moved to compel Plaintiffs to produce tax returns and documents relating to other securities firms where they were employed. The Defendants' motion is DENIED.

Plaintiffs' tax returns are not discoverable in this action. To compel discovery of tax returns, the party seeking discovery must establish (1) that the documents are relevant to the subject matter of the case, and (2) that there is a compelling need for the documents because the information contained therein is not otherwise readily obtainable. *See Melendez v. Primavera Meats, Inc.*, 270 F.R.D. 143, 145 (E.D.N.Y. 2010); *see also Smith v. Bader*, 83 F.R.D. 437, 438 (S.D.N.Y. 1964). Defendants cannot fulfill either requirement. First, Defendants claim that

1

Plaintiffs' tax returns are relevant to demonstrate that Plaintiffs were "exempt from the FLSA as independent contractors." *See* Letter from David A. Schrader to Hon. Paul A. Crotty, Feb. 21, 2014, at 2. But Fordham paid the Plaintiffs on W-2s as employees. Although courts have held that employee tax returns may be relevant as to whether a worker is an independent contractor, *see id.* (collecting cases), those employees were paid on 1099s. Second, even if the tax returns are relevant, Defendants have not demonstrated that the information is not otherwise readily obtainable. *See Melendez*, 270 F.R.D. at 145 (denying discovery of tax returns when "[i]nterrogatories, demands for non-tax return documents, and/or inquiries during depositions" were not used to obtain the information).

Defendants also seek access to documents relating to Plaintiffs' employment at other securities firms because they "may be probative as to the hours actually worked at Fordham." *See* Letter from David A. Schrader to Hon. Paul A. Crotty, Feb. 21, 2014, at 3. The Court disagrees. Plaintiffs' work at *other* firms has no bearing on whether Fordham properly compensated Plaintiffs for their work *at Fordham*—the actual issue in this case. As a result, the Court holds that Defendants are not entitled to discovery of Plaintiffs' tax returns or documents relating to other employment. The Defendants' motion to compel discovery is therefore DENIED.

Dated: New York, New York
       February 28, 2014

SO ORDERED

*[signature]*

PAUL A. CROTTY
United States District Judge