UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

CHRISTOPHER D. GRIFFITH and DAVID SPECIALE et al.,

              *Plaintiffs*,

-against-

FORDHAM FINANCIAL MANAGEMENT, INC. and WILLIAM BAQUET,

              *Defendants*.

------------------------------------------------------------X

12 Civ. 1117 (PAC)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiffs Christopher Griffith and David Speciale claim that Fordham Financial Management, Inc., their former employer, and William Baquet, Fordham's President and CEO, violated minimum wage and overtime requirements of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). In December 2012, Plaintiffs moved for conditional certification of a collective action, pursuant to Section 216(b) of the FLSA, seeking to bring claims on behalf of over 110 Fordham brokers. On May 22, 2013, the Court granted the motion. *Griffith v. Fordham Fin. Mgmt., Inc.*, 2013 WL 2247791 (S.D.N.Y.). Notice was sent, and subsequently four individuals opted in to the action.

In June 2014, Plaintiffs moved for class certification, pursuant to Fed. R. Civ. P. 23. On March 12, 2015, the Court denied the motion because Plaintiffs had failed to demonstrate that the primary dispute—whether Defendants "misclassified potential class members as independent contractors, rather than employees"—was capable of resolution by classwide proof. *Griffith v. Fordham Fin. Mgmt., Inc.*, 2015 WL 1097327, at *3-4 (S.D.N.Y.).

1

Defendants now move to decertify the collective action and for summary judgment on various grounds. The Court (i) DENIES the motion for summary judgment as to whether Plaintiffs were properly classified as independent contractors; (ii) GRANTS the motion to decertify the collective action; and (iii) DENIES the motion for summary judgment on grounds that Speciale's FLSA claims are untimely as a matter of law.

The Court assumes familiarity with the background facts as set forth in the May 22, 2013 and March 12, 2015 Opinions & Orders, and turns to the Defendants' motions.

## DISCUSSION

**I.     Motion for Summary Judgment as to Plaintiffs' Classification**

**A.     Legal Standards**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court "resolve[s] all ambiguities and draw[s] all reasonable inferences in the light most favorable to the nonmoving party." *Summa v. Hofstra Univ.*, 708 F.3d 115, 123 (2d Cir. 2013). The Court grants summary judgment only where "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Smith v. Cty. of Suffolk*, 776 F.3d 114, 121 (2d Cir. 2015).

"The overtime provisions of the FLSA and New York Labor Law apply only to individuals who are 'employees.'" *Schwind v. EW & Assoc., Inc.*, 357 F. Supp. 2d 691, 700 (S.D.N.Y. 2005). "[T]he Second Circuit has applied an 'economic reality test' when making the determination of whether an individual is an employee or an independent contractor under the FLSA." *Id.* "The ultimate concern is whether, as a matter of economic reality, the workers depend upon someone else's business for the opportunity to render service or are in business for

themselves." *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1059 (2d Cir. 1988). The court considers several factors: "(1) the degree of the employer's control over the worker; (2) the worker's opportunity for profit or loss and his investment in the business; (3) the degree of skill and independent initiative required to perform the work; (4) the permanence or duration of the working relationship; and (5) the extent to which the work is an integral part of the employer's business." *Schwind*, 357 F. Supp. 2d at 700. "No one factor of the economic reality test is dispositive; rather the test is based on the totality of the circumstances." *Id.* (internal quotation marks omitted).

Under the NYLL, the inquiry "pertains to the degree of control exercised by the purported employer over the results produced or the means used to achieve the results." *Bynog v. Cipriani Grp.*, 1 N.Y. 3d 193, 198 (2003). The court considers "whether the worker (1) worked at his own convenience, (2) was free to engage in other employment, (3) received fringe benefits, (4) was on the employer's payroll and (5) was on a fixed schedule." *Id.* While the FLSA and NYLL standards are different, "there is general support for giving FLSA and the New York Labor Law consistent interpretations" and "there appears to have never been a case in which a worker was held to be an employee for purposes of the FLSA but not the NYLL (or vice versa)." *Hart v. Rick's Cabaret Int'l, Inc.*, 967 F. Supp. 2d 901, 924 (S.D.N.Y. 2013).

**B.   Analysis**

Defendants argue that Plaintiffs were independent contractors as a matter of law. But the record is rife with genuine disputes as to material facts regarding the degree to which Fordham controlled Plaintiffs' schedule, work conditions, and business opportunities. For example, there is conflicting evidence as to whether: Fordham required Plaintiffs to adhere to a minimum schedule (*compare* Def. 56.1 Stmt., Dkt. 111 ¶ 212 *with* Pl. 56.1 Stmt., Dkt. 123 ¶¶ 79, 358);

3

Fordham required Plaintiffs to attend a daily morning meeting (*compare* Def. 56.1 Stmt. ¶¶ 91-92 *with* Pl. 56.1 Stmt. ¶¶ 359-60); Fordham exercised approval authority over new accounts and trades (*compare* Def. 56.1 Stmt. ¶¶ 181, 199 *with* Pl. 56.1 Stmt. ¶ 389); Fordham directed Plaintiffs to sell particular stocks that it was promoting (*compare* Def. 56.1 Stmt. ¶ 192 *with* Pl. 56.1 Stmt. ¶ 386); Fordham dictated how commissions were split between Plaintiffs and Fordham (*compare* Def. 56.1 Stmt. ¶ 94 *with* Pl. 56.1 Stmt. ¶ 366); and Fordham permitted Plaintiffs to take clients when they left the company (*compare* Def. 56.1 Stmt. ¶ 97 *with* Pl. 56.1 Stmt. ¶ 97).

These genuine disputes as to material facts preclude summary judgment and Defendants' motion is denied.

## II. Motion for Decertification of Collective Action

### A. Legal Standard

Under Section 216(b) of the FLSA, a collective action may be maintained by named plaintiffs "for and in behalf of . . . themselves and other employees similarly situated." 29 U.S.C. § 216(b). Collective actions provide plaintiffs "the advantage of lower individual costs to vindicate rights by the pooling of resources" and allow "efficient resolution in one proceeding of common issues of law and fact arising from the same alleged [unlawful] activity." *Hoffman-LaRoche Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

We engage in a two-stage analysis for deciding whether to certify an FLSA collective action. *See Myers v. Hertz Corp.*, 624 F.3d 537, 554-55 (2d Cir. 2010). At the first stage, generally early in the litigation, the court determines if conditional certification is warranted, to allow notice to be sent to potential opt-in plaintiffs who may be similarly situated to the named plaintiffs. *Id.* Plaintiffs' burden at this stage is minimal; they need only make a "modest factual

showing" that they and potential opt-ins "together were victims of a common policy or plan that violated the law." *Id.* at 555. At the second stage, generally post-discovery, the court determines "on a fuller record . . . whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." *Id.* Plaintiffs bear the burden of proving that the opt-ins are similarly situated, and the court applies a more stringent standard of proof. *Morano v. Intercontinental Capital Grp., Inc.*, No. 10 cv 2192 (KBF), 2012 WL 2952893, at *5 (S.D.N.Y. July 17, 2012). The collective action "may be 'decertified' if the record reveals that they are not [similarly situated], and the opt-in plaintiffs' claims may be dismissed without prejudice." *Myers*, 624 F.3d at 555.

The FLSA does not define what it means to be "similarly situated." This Court has followed the lead of the Tenth Circuit and utilized the so-called "ad hoc approach," under which the court considers: "(1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; [and] (3) fairness and procedural considerations." *See Torres v. Gristede's Operating Corp.*, No. 04 cv 3316 (PAC), 2006 WL 2819730, at *9 (Sept. 29, 2006) (citing *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001)).

A court recently framed the inquiry in terms similar to Rule 23's commonality requirement, requiring "a persuasive showing that the original and opt-in plaintiffs were common victims of a FLSA violation pursuant to a systematically-applied company policy or practice such that there exist common questions of law and fact that justify representational litigation." *Pefanis v. Westway Diner, Inc.*, No. 08 cv 002 (DLC), 2010 WL 3564426, at *4 (S.D.N.Y. Sept. 7, 2010). The analogy to Rule 23 is apt because, while formally the Section 216(b) and Rule 23 standards are different, functionally there is "little difference" between them as both "allow for

5

consideration of the same or similar factors, and generally provide a district court with discretion to deny certification for trial management reasons." *Thiessen*, 267 F.3d at 1105; *see also Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770, 772 (7th Cir. 2013) ("[T]here isn't a good reason to have different standards for the certification of the two different types of action, and the case law has largely merged the standards, though with some terminological differences."). "Given this harmony of animating principles, it is not a mere coincidence that courts facing parallel motions to decertify an FLSA collective action under Section 216(b) and to certify a class action under Rule 23 have tended to allow either both actions or neither to proceed on a collective basis." *Ruiz v. Citibank, N.A.*, 93 F. Supp. 3d 279, 298-99 (S.D.N.Y. 2015).

**B.  Analysis**

Determining whether Plaintiffs were employees or independent contractors is not capable of resolution by classwide proof, and will instead require highly individualized inquiries. *See Shayler v. Midtown Investigations, Ltd.*, No. 12 cv 4685 (KBF), 2013 WL 772818, at *9 (S.D.N.Y. Feb. 27, 2013) ("The inquiry as to whether an individual is an independent contractor or employee is fact specific and may be employee specific."). As an initial matter, the opt-ins worked at Fordham over different, non-overlapping time periods between 2003 and 2011, so any policy that may have existed while one opt-in worked at Fordham would not necessarily apply to the others. *See* Def. Mem., Dkt. 112 at 4. Further, as discussed in the March 12, 2015 Opinion and Order denying Rule 23 certification, Plaintiffs' deposition testimony indicates that they operated under varying, flexible work schedules and varying written contracts or no written contract at all. *Griffith*, 2015 WL 1097327, at *3-4. Likewise, Plaintiffs' testimony indicates disagreement regarding the level of control Fordham exercised over Plaintiffs' day-to-day responsibilities, such as requirements that Fordham approve new customers or trades. *Id.* at *4.

6

Resolution of Plaintiffs' claims would require individualized inquiries into each Plaintiff's work schedule, compensation, and the level of control Fordham exerted. Finally, the extremely low number of opt-ins relative to the number of potential class members weighs against certification. While Section 216(b) does not have a numerosity requirement, the apparent lack of enthusiasm by the class indicates that a collective action is inappropriate. *See Keef v. M.A. Mortenson Co.*, No. 07 cv 3915 (JMR), 2009 WL 465030, at *3 (D. Minn. Feb. 24, 2009) ("In view of the fact-intensive inquiry required for each plaintiff, and the limited number of potential plaintiffs who have chosen to opt-in, the Court exercises its discretion and concludes an FLSA collective action is inappropriate.").

Plaintiffs are not similarly situated; there are too many disparate factual circumstances. Defendants' motion to decertify the Section 216(b) collective action is granted. The claims of the four opt-in Plaintiffs are dismissed without prejudice.[1] *Myers*, 624 F.3d at 555.

### III. Motion for Summary Judgment as to FLSA Statute of Limitations

The FLSA's statute of limitations is three years for willful violations and two years for non-willful violations. 29 U.S.C. § 255(a). "A cause of action under the FLSA accrues on the regular payday immediately following the work period for which services were rendered and not properly compensated." *Yang v. ACBL Corp.*, 427 F. Supp. 2d 327, 337 (S.D.N.Y. 2005). Defendants argue that Speciale's FLSA claims are untimely as a matter of law because Speciale left Fordham more than two years prior to filing of the complaint, and there is no evidence in the record that Defendants' alleged violations were willful. *See* Def. Mem. at 3-4. Speciale would

---

[1] Plaintiffs conceded at oral argument that the FLSA claims of opt-in Plaintiffs Ricardo Francois, Mack Miller and Paul Calabrese are necessarily barred by the statute of limitations. *See* Transcript of Nov. 23, 2015 Proceedings, Dkt. 141 at 10 ("The Court: Isn't the claim of Francoise, Miller, and Calabrese gone? / [Plaintiffs' Counsel]: Their FLSA claims, yes."). Those claims are dismissed with prejudice.

7

have timely FLSA claims, if the three-year limitations period for willful violations applied.

"An employer willfully violates the FLSA when it either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the Act." *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 366 (2d Cir. 2011) (internal quotation marks omitted). An employer's conduct is deemed to be in "reckless disregard" if it "failed to demonstrate that it undertook to inquire whether its conduct was in compliance with the FLSA." *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 465 (S.D.N.Y. 2008).

Fordham designated its Director of Compliance Phyllis Henderson as its Rule 30(b)(6) corporate representative. Henderson testified that she has a "very basic knowledge" of overtime law and that Fordham never consulted with an attorney regarding its decision not to pay overtime. Pl. 56.1 Stmt. ¶¶ 428-31. Based on that evidence, a rational factfinder could determine that FLSA violations by Fordham, if any, were in "reckless disregard." *See Torres*, 628 F. Supp. 2d at 465. As such, Defendants' motion for summary judgment seeking dismissal of Speciale's FLSA claims as a matter of law is denied.

## CONCLUSION

The Court GRANTS Defendants' motion to decertify the collective action; DENIES the motion for summary judgment as to Plaintiffs' classification as independent contractors; and DENIES the motion for summary judgment as to the timeliness of FLSA claims. The Court dismisses without prejudice all claims of the opt-in Plaintiffs; except dismisses with prejudice the FLSA claims of opt-in Plaintiffs Ricardo Francois, Mack Miller and Paul Calabrese.

The parties are directed to appear at a conference scheduled for Wednesday, February 17 at 11:45 am, in Courtroom 14C. The Clerk is directed to terminate the motion at Docket 109.

Dated: New York, New York  
January 28, 2016

SO ORDERED

*Paul A. Crotty* (signature)

PAUL A. CROTTY  
United States District Judge